UNITED STATES

v.

Kevin C. STINDE, 531 54 8703, Lance Corporal (E-3), U.S. Marine Corps.

NMCM 85 2132.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 21 Feb. 1985.

Decided 17 Oct. 1985.

LCDR FREDERICK N. OTTIE, JAGC, USN, Appellate Defense Counsel.

LT RICKEY P. ROECKER, JAGC, USNR, Appellate Defense Counsel.

LT BRIAN D. SAUNDERS, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, CASSEL and MIELC-ZARSKI, JJ.

CASSEL, Judge:

Appellant was tried by a judge-alone special court-martial on 28 January and 21 February 1985 and, contrary to his pleas, was found guilty of the larceny of $180.00 belonging to a fellow Marine, a violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921. He was sentenced to be confined at hard labor for 90 days, to forfeit $300.00 pay per month for 3 months, to be reduced to pay grade E–1, and to be discharged from the service with a bad conduct discharge.

The primary evidence used to establish appellant's guilt was a signed confession made to Criminal Investigation Division (CID) agent, Sergeant (SGT) C, on 14 November 1984. SGT C had initially contacted the appellant in order to interrogate him on 3 October 1984. At that time, subsequent to SGT C's advice that he had a right to counsel, appellant requested an opportunity to consult with an attorney. The interview was immediately terminated and, in the ensuing two or three days, appellant went to battalion legal in order to seek an attorney so he could exercise this right. When he consulted with the battalion legal officer, a nonlawyer, he was made to understand that he did not rate an attorney until the formal preferral of charges against him. Thus, appellant was not provided with the opportunity to consult with counsel pursuant to his request. A few weeks later, on 25 October, SGT C again sought out appellant at his work area in order to inquire whether he had seen counsel and to request that he take a polygraph test. Appellant told the agent that he had been informed that he could not get an attorney until he was formally charged. The appellant then acceded to SGT C's request that he take a polygraph. On 14 November appellant submitted himself to a polygraph examination and, after being informed that he had flunked the polygraph, provided the full written confession to SGT C.

At trial, arguing that the rule of *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), was applicable, appellant moved to suppress the confession. The military judged denied the motion.

*Edwards v. Arizona* "set forth a 'bright line rule' that *all* questioning must cease after an accused requests counsel." *Smith v. Illinois,* — U.S. —, 105 S.Ct. 490, 494, 83 L.Ed.2d 488 (1984)(quoting *Solem v. Stumes,* 465 U.S. 638, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984)). *See also United States v. Huxhold,* 20 M.J. 990 (NMCMR

1985). Subsequent to *Edwards*, the Supreme Court established that the *Edwards* rule embodied "two distinct inquiries":

First, courts must determine whether the accused actually invoked his right to counsel. ... Second, if the accused invoked his right to counsel, courts may admit his responses to further questioning only on finding that he (a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked.

*Smith v. Illinois*, 105 S.Ct. at 493. In his dissent, Justice Rehnquist noted that "[o]ur other cases applying *Edwards* ... are cast in a similar mold; the suspect clearly asserts a right to counsel, questioning ceases, and then the police seek to resume interrogation at a later time." *Id.* at 497 (J. Rehnquist dissenting). The instant case fits that mold. Appellant's request for counsel on 3 October was clear and unequivocal.[1] Questioning ceased. The evidence on the motion established, through the testimonies of the CID agent and the appellant, that it was the agent who approached appellant subsequent to his request for counsel in order to resume interrogation and that the appellant did not initiate further discussion with the police. This subsequent interrogation of the appellant was improper since the Government was precluded from further interrogating him unless he initiated further communication regarding the investigation himself. We find, therefore, that the military judge erred in denying the defense motion to suppress.

Furthermore, we find that the military judge erred in denying appellant's motion under Military Rule of Evidence (Mil.R. Evid.) 305(d)(2). That rule provides that when a person requests counsel pursuant to Mil.R.Evid. 305, "a judge advocate or an individual certified in accordance with Arti-

cle 27(b) shall be provided by the United States at no expense to the person and without regard to the person's indigency or lack thereof before the interrogation may proceed." It is clear from the record that the appellant was not provided with counsel.

Accordingly, the military judge's denial of the defense motion to suppress the confession was error. The findings of guilty and sentence are set aside and the record is returned to the Judge Advocate General for transmittal to the convening authority. A rehearing is authorized.

We note for the record that trial defense counsel's written motion (R. 27) was not attached to the record of trial. This document should have been marked as an appellate exhibit and made a part of the record.

Senior Judge GLADIS and Judge MIELCZARSKI concur.

---

**1.** There is no evidence in the record whatsoever to suggest that the first interview of 3 October, during which appellant articulated his desire to seek the advice of an attorney, was conducted in a noncustodial setting. Counsel and the military judge failed to elicit any evidence concerning the circumstances surrounding this interview, which was the pivotal interview with respect to the existence of appellant's right to counsel. It was established only that the CID agent did tell appellant that he had the right to consult with an attorney prior to continuing with the interrogation. Absent evidence in the record to the contrary, the Government is estopped from now asserting that no right to counsel existed because the appellant was not "in custody" at the time of that initial interview.